United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITCHELL ANDREW CARAVAVO, | No. C 06-6339 WHA (PR) |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| DAVID L. RUNNELS, Warden, | |
| Respondent. / | |

Petitioner, a California prisoner currently incarcerated at High Desert State Prison, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the filing fee.

Venue is proper because the conviction was obtained in Santa Clara County, which is in this district. *See* 28 U.S.C. § 2241(d).

**STATEMENT**

A jury convicted petitioner of burglary and terrorist threats. With sentencing enhancements, he was sentenced to nineteen years, eight months in prison. His conviction was affirmed on direct appeal by the California Court of Appeal, and the California Supreme Court denied review. Petitioner also filed state habeas petitions.

**DISCUSSION**

*A. Standard of Review*

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

*B. Legal Claims*

As grounds for federal habeas relief, petitioner asserts that: (1) the trial court's refusal to instruct on misdemeanor assault violated his right to present a defense; (2) the trial court violated his right to self-representation; (3) there was insufficient evidence to support the convictions; (4) his counsel was ineffective; (5) Section 422 of the California Penal Code, having to do with terrorist threats, is unconstitutionally overbroad and vague; (6) the trial court violated the separation of powers doctrine under both the federal and state constitutions; (7) the prosecutor commented on his failure to testify; (8) the cumulative effect of the errors amounted to a violation of due process; and (9) the sentence was cruel and unusual punishment.

Federal habeas relief is only available for violations of federal law, not state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). This is also true of claimed violations of state constitutional provisions. *Hinman v. McCarthy*, 676 F.2d 343, 349 & n.2 (9th Cir. 1982). As a result, petitioner's contention in issue six that there was a violation of the state constitution's separation of powers provisions is not grounds for relief here. Furthermore, the federal separation of powers doctrine does not apply to the states, so he also has no federal grounds for relief. *See Chromiak v. Field*, 406 F.2d 502, 505 (9th Cir. 1969). Issue six will be dismissed. The other claims are sufficient to require a response.

**CONCLUSION**

1. Issue six, regarding separation of powers, is **DISMISSED**.

2. The clerk shall mail a copy of this order and the petition with all attachments to the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

3. Respondent shall file with the court and serve on petitioner, within sixty days of

service of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of service of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within 15 days of receipt of any opposition.

5. Petitioner is reminded that all communications with the court must be served on respondent by mailing a copy of the document to respondent's counsel. Papers intended to be filed in this case should be addressed to the clerk rather than to the undersigned. Petitioner also must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and comply with any orders of the court within the time allowed, or ask for an extension of that time. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: October  25 , 2006.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.06\CARAVAVO339.OSC

3