IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITCHELL ANDREW CARAVAYO,<br><br>    Petitioner,<br><br>  v.<br><br>DAVID L. RUNNELS, Warden,<br><br>    Respondent.<br>_____ / | No. C 06-06339 WHA<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND VACATING HEARING** |

### INTRODUCTION

In this habeas corpus proceeding, respondent moves to dismiss the petition as untimely. For the following reasons, respondent's motion is **GRANTED**. Petitioner's habeas petition is **DISMISSED WITHOUT LEAVE TO AMEND**.

### STATEMENT

The basic procedural history of this case is not in dispute. Petitioner Mitchell Andrew Caravayo is currently serving a sentence of nineteen years and eight months in state prison for burglary and threatening to commit a crime resulting in death or great bodily injury. Petitioner was convicted and sentenced on September 9, 2000. He appealed his conviction to the California Court of Appeal, which affirmed the judgment on August 28, 2001. The California Supreme Court denied the petition for review on November 19, 2001 (Exhs. 1, 2).

1   Petitioner filed a petition for writ of habeas corpus in the Santa Clara Superior Court on
2 March 4, 2002. The superior court denied the petition on March 15, 2002. Petitioner filed a
3 second habeas corpus petition in the same superior court on November 13, 2002. The superior
4 court denied that petition on January 16, 2003. Petitioner then filed a habeas corpus petition
5 with the California Court of Appeal on December 29, 2003. That petition was denied by the
6 court of appeal on March 18, 2004. A petition for writ of habeas corpus was then filed in the
7 California Supreme Court on October 6, 2004. That court denied the petition on October 12,
8 2005. The instant petition was filed with this Court on October 10, 2006 (Exhs. 3–10).

On October 25, 2006, this Court ordered respondent to show cause why the petition should not be granted. Respondent subsequently filed this motion to dismiss the petition as untimely.

**ANALYSIS**

AEDPA places a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. 2244(d). Relevant to this analysis, that period begins "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. 2244(d)(1)(A). The Ninth Circuit has held that under AEDPA, "a judgment becomes 'final' in one of two ways — either by the conclusion of direct review by the highest court, including the United States Supreme Court, to review the judgment, or by the expiration of the time to seek such review, again from the highest court from which such direct review could be sought." *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001). Additionally, under 28 U.S.C. 2244(d)(2), the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." In other words, any "pending" request for post-conviction relief in state court "tolls the [one-year] statute of limitations" period. *Biggs v. Duncan*, 339 F.3d 1045, 1047–48 (9th Cir. 2003).

The California Supreme Court denied review of petitioner's direct appeal on November 19, 2001. Petitioner did not file a petition for writ of certiorari with the United States Supreme Court. Accordingly, petitioner's judgment became "final" on February 17, 2001, the end of the 90-day deadline for petitioner to file a petition for writ of certiorari. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). AEDPA's one-year statute of limitations period started to run the next day, on February 18, 2002, and ended on February 18, 2003. *See Patterson v. Stewart*, 251 F.3d 1243, 1245–47 (9th Cir. 2001). Petitioner did not file the instant petition until October 10, 2006 — 1330 days after the statute had run. The petition is therefore time-barred unless petitioner is entitled to statutory or equitable tolling.

### 1. STATUTORY TOLLING.

AEDPA's one-year limitations period may be tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. 2244(d)(2). An application is "pending" until it "has achieved final resolution through the State's post-conviction procedures." *Carey v. Saffold*, 536 U.S. 214, 220 (2002). Courts have also held: "A petitioner is normally entitled to 'one full round' of collateral review in state court free of federal interference. While that full round is properly in progress, AEDPA's one-year statute is tolled." *Welch v. Carey*, 350 F.3d 1079, 1082 (9th Cir. 2003). But the Supreme Court has also explained that under Section 2244(d)(2), the "time that an application for state postconviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law." *Evans v. Chavis*, 126 S. Ct. 846, 848–49 (2006) (citing *Saffold*, 536 U.S. 214).

Petitioner waited 14 days from the date his state court judgment became final to file his first state habeas petition on March 4, 2002. Following denial of that petition on March 15, 2002, petitioner waited 243 days to file a second petition in the superior court on November 13, 2002. This second petition is not entitled to tolling because it was filed in the same court as the

3

March 2002 petition. For purposes of 28 U.S.C. 2244(d)(2), state collateral proceedings are "pending" only during "the intervals between a lower court decision and the filing of a new petition *in a higher court*." *Saffold*, 536 U.S. at 223 (emphasis added); *Delhomme v. Ramirez*, 340 F.3d 817, 820 (9th Cir. 2003) ("[E]ach time a petitioner files a new habeas petition at the same or a lower level, . . . the subsequent petition has no effect on the already pending application, but triggers an entirely separate round of review."). Petitioner cites no authority for the proposition that the 243 days between two petitions at the same level of the state court can be statutorily tolled. Because the second petition was not at a higher court, there is no tolling for the November 2002 petition.

Petitioner did not file a petition with the California Court of Appeal until December 29, 2003, which was 654 days after the denial of the first petition in superior court. After the petition was denied in the California Court of Appeal on March 18, 2004, petitioner waited another 202 days to file a petition in the California Supreme Court. Then, following the denial of his state supreme court petition on October 12, 2005, he waited 363 days to file the instant federal habeas petition. None of these delays were "reasonable." *Chavis*, 126 S. Ct. at 849, 854. In all, there were 1233 days during which no statutory tolling could be granted. Unless petitioner proves his eligibility for equitable tolling to account for this delay, his petition is barred as a matter of law.[1]

### 2. EQUITABLE TOLLING.

The Ninth Circuit has recognized that the Section 2244(d) limitations period may be equitably tolled under certain "extraordinary circumstances." *Calderon v. United States District Ct. (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds by Calderon v. United States District Ct. (Kelly)*, 163 F.3d 530 (9th Cir. 1998). The Ninth Circuit has "made clear, that equitable tolling is 'unavailable in most cases.'" *Miranda v.*

---

[1] Even if petitioner was entitled to tolling during the 64-day period while the second superior court petition was pending, there would be a total of 1169 days during which petitioner was not entitled to statutory tolling.

4

*Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotations omitted). "Indeed, the threshold necessary to trigger equitable tolling [under the AEDPA] is very high, lest the exceptions swallow the rule." *Ibid.* Equitable tolling is only appropriate when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Beeler*, 128 F.3d at 1288. The petitioner asserting entitlement to equitable-tolling relief "bears the burden of showing that this extraordinary exclusion should apply." *Miranda*, 292 F.3d at 1065. As such, the petitioner must establish "(1) that he has been pursuing his rights diligently, (2) that some extraordinary circumstances stood in his way," and (3) that these "'extraordinary circumstances' were the cause of his untimeliness." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).

In petitioner's opposition to respondent's motion, he alleges that four circumstances entitle him to at least some equitable tolling. *First*, he contends that the trial court refused to provide him with transcripts of his *Faretta* hearing. *Second*, he contends that prison officials confiscated his legal materials for two years. *Third*, he alleges that appellate counsel was grossly ineffective. *Fourth*, he contends that his habeas attorney's death in 2003 was an extraordinary circumstance accounting for some delay. This order holds that even if these reasons warranted equitable tolling, the instant federal petition would still be untimely.

Petitioner's most compelling allegation of an "extraordinary circumstance" is that his habeas attorney, Daniel Hernandez, died in June 2003. Petitioner did not find out about Mr. Hernandez's death until September 2003. Counsel's death, however, does not justify the delay in filing the instant petition. Apparently, after learning of Mr. Hernandez's death, petitioner filed his petition in the California Court of Appeal in December 2003. After that petition was denied, he waited almost *seven months* to file his petition before the California Supreme Court and *363 days* before filing the instant federal petition. Petitioner was self-represented for a portion of that time, but "a *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *Raspberry v. Garcia*, 448 F.3d 1150,

5

1154 (9th Cir. 2006). Even if this circumstance warranted equitable tolling for part of 2003, it is not sufficient to account for the remaining delays.

Petitioner also contends that he was denied access to his *Faretta* hearing transcripts on direct appeal and that the state court's failure to produce the transcripts violated his right to pursue a meaningful appeal (Opp. 2–4). This argument has no bearing on the instant issues. Whatever delay may have occurred in seeking the transcripts during petitioner's *direct appeal* did not affect the statute of limitations period for the state or federal *habeas* petitions. The AEDPA statute of limitations only began to run after the direct appeal in the state court concluded. The allegation regarding the transcripts appears to relate only to petitioner's direct appeal and petitioner does not explain why this occurrence — before the judgment in the direct appeal became final — caused him such delay in filing his numerous state court petitions once the federal-petition clock began to run.

Petitioner next contends that prison officials unjustly confiscated his legal property between November 17, 2000, and February 7, 2002. He contends that he should be entitled to equitable tolling for the 447 days while his legal papers were confiscated "without cause or justification" (Opp. 5). This order holds that even assuming this occurrence would warrant tolling, it does not help. Petitioner's legal materials were returned in February 7, 2002. He then filed his first habeas corpus petition before the superior court on March 4, 2002. Petitioner does not contend, however, that the alleged confiscation of legal materials justified the nine months it took him to file the second habeas petition with the superior court. Nor does it explain the seven months it took for him to file a petition with the California Supreme Court after his habeas petition was denied by the court of appeal. Nor does it explain the almost full year — following the denial by the state supreme court — that it took petitioner to file the federal petition in this Court. Under these circumstances, the seizure of the legal materials did not contribute to several of the longest periods of delay in this case.

6

1  Petitioner also contends that his appellate counsel committed errors during the direct
2 appeal that constitute extraordinary circumstances. Specifically, petitioner contends that
3 counsel "failed to raise the most viable claims available to Petitioner [during the direct appeal],
4 including his *Farretta* claims" (Opp. 6). The Ninth Circuit has held that "ordinary attorney
5 negligence will not justify equitable tolling," but "where an attorney's misconduct is
6 sufficiently egregious," it may constitute extraordinary circumstances warranting equitable
7 tolling. *Spitysin v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). In *Spitsyn*, the attorney was hired
8 to file a federal habeas petition but failed to do so, which the Ninth Circuit held to be "so
9 deficient as to distinguish it from the merely negligent performance of counsel." *Id.* at 798–01.
10 Here, petitioner does not explain how any deficient performance by counsel on direct appeal
11 caused him to suffer such great delays between each of his state petitions and finally, between
12 the denial of his last state petition and the instant federal petition. Moreover, the United States
13 Supreme Court has explained that appellate counsel has no constitutional obligation to raise
14 every non-frivolous issue requested by the client. *See Jones v. Barnes*, 463 U.S. 745, 751–54
15 (1983). The decision not to raise the *Farretta* issue on direct appeal does not justify the lengthy
16 delays that occurred later in the habeas process.

17                              *          *          *

18  Petitioner has put forth *some* facts that *might* warrant equitable tolling during a portion
19 of the 1233 days for which he is not entitled to statutory tolling. The reasons given, however,
20 mostly relate to the period between his direct appeal and September 2003, when he learned that
21 his habeas attorney, Mr. Hernandez, died. There remain, however, lengthy unaccounted-for
22 periods that render the instant federal petition overdue. This order finds that the sum of two of
23 these completely unexplained periods exceeds the one-year AEDPA statute of limitations.
24 *First*, petitioner waited 202 days after the court of appeal denied his petition on March 18,
25 2004, to file a petition in the California Supreme Court. *Second*, after the supreme court denied
26 the petition on October 12, 2005, he waited 363 days to file his federal habeas petition. These

7

565 days are wholly unexplained and clearly establish the untimeliness of the petition before this Court. *See Evans*, 126 S. Ct. at 854 (finding "totally unexplained, hence unjustified, delay of at least six months" was unreasonable and thus did not warrant tolling). After a full opportunity to explain these delays, petitioner has not established that the federal petition is timely.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss petitioner's habeas petition is **GRANTED**. The petition is **DISMISSED WITHOUT LEAVE TO AMEND**. Finding no further argument necessary, the hearing on this motion is hereby **VACATED**.[2]

**IT IS SO ORDERED.**

Dated: June 4, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

---

[2] Respondent's motion for leave to file a late reply brief is **GRANTED**.